UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KEITH BLAKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-941-RLM-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Keith Blake, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISO 17-07-28) in which a disciplinary hearing officer found him guilty of possessing or using a controlled substance in violation of Indiana Department of Correction policy. ECF 1 at 1. Mr. Blake was sanctioned with the loss of 75 days earned credit time. ECF 1 at 1; 8-11 at 1. The Warden has filed the administrative record and Mr. Blake filed a traverse, making the case ripe for ruling.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the

disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. Superintendent, Mass Corr Inst. v. Hill, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Supt. v. Hill, 472 U.S. at 455-456. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Mr. Blake was found guilty of violating IDOC policy B-202, which prohibits inmates from "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code, possession of drug paraphernalia, possession/use of a synthetic drug, or drug lookalike." *See*

2

Indiana Department of Correction, Adult Disciplinary Process: Appendix I: Offenses, at https://www. in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf.

Officer Drewes wrote a conduct report charging Mr. Blake as follows:

> On 7-15-17 at approx. 7:40 pm, I, Ofc. Drewes conducted a routine shakedown on Offender Blake, K #194152. During the locker and bed area search nothing was found, during this time Offender Blake, K was reaching into his left sock, I, Ofc. Drewes searched the sock, inside the sock was a folded paper with a green leafy substance which appears to be the contraband called K2, a strip search was completed, nothing else found.

ECF 8-1 at 1. The confiscated substance tested negative for K-2 (synthetic marijuana). ECF 8-2 at 1; 8-11 at 1.

Mr. Blake was notified of the offense when he was served with the conduct and screening reports. ECF 8-1 at 1; 8-6 at 1. He requested a lay advocate and witness statements from Offender Hensley and Offender Woods. ECF 8-6 at 1. Mr. Blake also asked to view the video of the incident asserting it would show that Officer Drewes actually found the substance in row 8, not row 7 of the locker and bed area. *Id.*

Offender Hensley provided the following statement about the incident:

> I Brenton Hensley #200186 observed Officer Drewes conduct a shakedown on my neighbor Mr. Blake on July 15th around 7:45. I witnessed Officer Drewes search his (Mr. Blakes [sic]) entire area without results. I then observed Mr. Drewes walk to R8 Bed 6 and pick up something off the floor and then took Mr. Blake for a strip search. When he returned he took Mr. Blakes [sic] I.D. then returned ½ hour – 1 hour later with his I.D.

ECF 8-7 at 1.

Offender Woods provided this statement about the incident:

> I was at Mr. Blake Bunk [sic] when we was approached by Ofc Drewes for a shakedown. Once the shakedown was completed Ofc Drewes walks over to Row eight bunk 6 [,] look around for a sec, bent down to retrieve a folded paper which he walks back to Mr. Blake showed him the paper and then takes him to the bathroom to strip search him.

ECF 8-8 at 1.

The hearing officer reviewed the video and described it as "unclear for this incident." ECF 8-9 at 1. At Mr. Blake's hearing, the hearing officer recorded Mr. Blake's statement: "I'm not being written up for a look-a-like substance, I'm being written up for a controlled substance. I'm not given a chance to defend myself with a stress test that I requested and was willing to pay for." *Id.* On the basis of the conduct report, the appearance and packaging of the confiscated substance, witness statements, and Mr. Blake's statement, the hearing officer found him guilty of violating offense B-202. *Id.*

In his petition, Mr. Blake argues that two grounds entitle him to habeas corpus relief. ECF 1 at 2. He first asserts his due process rights were violated because he was "sanctioned for a rule that he had no knowledge existed." *Id.* In asserting his position, Mr. Blake explains he didn't know offense B-202, which prohibits an inmate from possessing or using an unauthorized controlled substance, also prohibits the use of lookalike substances. *Id.* He says he was issued an antiquated disciplinary rule book dated March 1, 2015, that doesn't include the amended language for offense B-202. *Id.* Mr. Blake represents the new

4

disciplinary rules haven't been posted in the dorms or J-Pay system and the lay advocates are the only people who have received copies of the amended rules. *Id.* In sum, Mr. Blake appears to argue that he should not have been found guilty of possessing a lookalike substance because prison officials violated IDOC policy by failing to provide him with an updated rule book containing the amended language. ECF 1 at 2; 17 at 10.

Habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and <u>Keller v. Donahue</u>, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process"). Mr. Blake's allegations are predicated on violations of prison policies or state law, so they can't be remedied in a habeas corpus petition.

To the extent Mr. Blake may argue his due process rights were violated because he didn't receive adequate notice of the charged offense, that claim also fails. Here, Mr. Blake was entitled to notice of the factual allegations of the charge at least 24 hours before the hearing. <u>Wolff v. McDonnell</u>, 418 U.S. at 564. On July 19, 2017, Mr. Blake was notified of the offense when he was served with both the conduct and screening reports. ECF 8-1 at 1, 8-6 at 1. Offense B-202 was clearly listed on these reports. *Id.* Thus, Mr. Blake was informed of the rule he violated

5

as well as the facts underlying the charge 15 days before his disciplinary hearing, which was held on August 3, 2017. ECF 8-11 at 1. Because Mr. Blake had constitutionally adequate notice of the charge and the underlying facts, and had all of the information he needed to defend against the charge, his due process rights were satisfied. Northern v. Hanks, 326 F.3d 909, 910-911 (7th Cir. 2003). Hs first ground doesn't identify a basis for granting habeas corpus relief.

In his second ground, Mr. Blake argues his due process rights were violated because the hearing officer denied his request to review the video of the incident. ECF 1 at 2. Mr. Blake had a right to request evidence in his defense, *see* Wolff v. McDonnell, 418 U.S. at 566, he did not necessarily have a right to personally review that evidence. White v. Ind. Parole Bd., 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . "). Mr. Blake didn't have the right to review the video of the incident because its release could pose a security threat. The court has reviewed the video of the incident and finds it appropriately withheld from Mr. Blake.

Nor does the video contain any exculpatory evidence. Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." Meeks v. McBride, 81 F.3d 717, 720 (7th Cir. 1996). Mr.

6

Blake argues the video shows Officer Drewes lied about where he found the green leafy substance, but the video doesn't support his position. ECF 1 at 2; 17 at 2. He claims the video shows that Officer Drewes left his bed/bunk area to go to another bed/bunk area in a different row and then returned to his bed/bunk area with a package in his hand. *Id.* But the hearing officer found the video was "unclear for th[e] incident." ECF 8-9 at 1. The video didn't provide insight into the incident. Because the hearing officer reviewed the video, there was no violation of Mr. Blake's due process rights. White v. Parole Bd., 266 F.3d at 767. As stated, the court has reviewed the video and finds it does not contain any exculpatory evidence. Jeffries v. Neal, 737 Fed. Appx 791, 793 (7th Cir. 2018) ("our review of the internal-affairs file confirms that it contains no evidence contradicting the hearing officer's conclusion that Jeffries trafficked drugs.").

Mr. Blake also argues that his due process rights were violated because the hearing officer didn't order Officer Drewes to undergo a voice stress test to assess his credibility. ECF 1 at 2. Prisoners don't have the right to create evidence that does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." Wolff v. McDonnell, 418 U.S. at 556; *See also* Freitas v. Auger, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . . ."); Rhatigan v. Ward, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); and Arthur v. Ayers, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates were not entitled to laboratory testing of

substances). Because Mr. Blake didn't have the right to have Officer Drewes's credibility tested or assessed, his due process rights were not violated. His second ground doesn't identify a basis for granting habeas corpus relief, either.

Mr. Blake doesn't need a certificate of appealability if he wants to appeal this order, because he is challenging a prison disciplinary proceeding. *See* <u>Evans v. Circuit Court</u>, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES Mr. Blake's petition for writ of habeas corpus (ECF 1);

(2) DENIES Mr. Blake's motion to reconsider the respondent's motion for leave to submit evidence with ex parte restrictions (ECF 15);

(3) DENIES Mr. Blake's motion for appointment of counsel (ECF 16); and

(4) DIRECTS the clerk to close this case.

SO ORDERED on June 18, 2019

<u>  /s/ Robert L, Miller, Jr.  </u>
JUDGE
UNITED STATES DISTRICT COURT